IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    **Plaintiff,**

**v.**                                                                          No. 07-cr-30136-DRH-18

**LUIS SANORA,**

    **Defendant.**

### MEMORANDUM and ORDER

Presently before the Court is defendant's motion for clarification of sentence (Doc. 879). At defendant's sentencing, the Court granted the defendant "credit for 22 months served on a related state case." (Doc. 785 p. 2). In the present motion, defendant's counsel argues that the Bureau of Prisons has failed to properly credit defendant's sentence (Doc. 872 p. 3) and that defendant's administrative appeal regarding the same has been denied. *Id.* Accordingly, defendant asks the Court to "clarify its intention" allowing defendant to request a correct recalculation of his current sentence. Alternatively, defendant asks the Court to amend its judgment. Based on the record and the following the motion is **DISMISSED** for lack of jurisdiction.

The Court has no authority to compute the defendant's credit for time served. That power is vested solely in the Attorney General or the Attorney

General's designee, the Federal Bureau of Prisons. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 333–35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir.1992). Further, the Seventh Circuit has specifically held that the proper mechanism for challenging the computation of a federal prison sentence is a petition under 28 U.S.C. § 2241. *See Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir.1991); *United States v. Hornick*, 815 F.2d 1156, 1160 (7th Cir.1987); *United States v. Ford*, 627 F.2d 807, 813 (7th Cir.1980). Such petitions must be filed in the federal judicial district where the defendant is confined. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *United States v. Prevatte*, 300 F.3d 792, 799 n. 2 (7th Cir. 2002); *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001). Further, any such challenge can only be considered after the defendant has exhausted the administrative remedies furnished by the BOP. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

For the reasons stated above, defendant's motion is **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed this 9th day of November, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.11.09 11:59:04 -06'00'

**United States District Judge**